| | |
|---|---|
| 1 DOUGLAS RICHARD KERTSCHER<br>HILL, KERTSCHER & WHARTON<br>2 3350 Riverwood Parkway<br>Suite 800<br>3 Atlanta, GA 30339<br>Telephone: 770-953-0995x102<br>4 Fax: 770-953-1358<br>Email: drk@hkw-law.com<br>5<br>TODD A. NOAH<br>6 DERGOSITS & NOAH LLP<br>Four Embarcadero Center<br>7 Suite 1150<br>San Francisco, CA 94111<br>8 Telephone: 415-705-6377<br>Fax: 415-705-6383<br>9 Email: tnoah@dergnoah.com<br><br>10 Attorneys for Plaintiff<br>SERCONET, LTD. | JAMES A. DIBOISE, State Bar No. 83296<br>JENNIFER A. OCHS, State Bar No. 174069<br>CHRISTOPHER PARRY, State Bar No. 209858<br>WILSON SONSINI GOODRICH & ROSATI<br>PROFESSIONAL CORPORATION<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: 650-493-9300<br>Fax: 650-565-5100<br>Email: cparry@wsgr.com<br><br>Attorneys for Defendant<br>NETGEAR, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SERCONET, LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>NETGEAR, INC.,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV 06-04646 PJH<br><br>**STIPULATED PROTECTIVE ORDER** |

STIPULATED PROTECTIVE ORDER
CASE NO. CV 06-04646 PJH

PALIB1_3014399_1.DOC

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 12, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.  *See also* Phyllis J. Hamilton Standing Order for Cases Involving Sealed or Confidential Documents.

2.   DEFINITIONS

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, including items or information from a non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    In-House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection.

Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations.

Except as otherwise provided in this Order (*see, e.g*., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents,

1  or portions thereof, qualify for protection under this Order, then, before producing the specified
2  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
3  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains
4  Protected Material.

5  (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the
6  Party or non-party offering or sponsoring the testimony identify on the record, before the close of
7  the deposition, hearing, or other proceeding, all protected testimony, including any portions of
8  the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
9  When it is impractical to identify separately each portion of testimony that is entitled to
10 protection, and when it appears that substantial portions of the testimony may qualify for
11 protection, the Party or non-party that sponsors, offers, or gives the testimony may have up to
12 20 days to identify the specific portions of the testimony as to which protection is sought and to
13 specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY
14 CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Failure to timely identify the specific
15 portions as per the above will constitute a waiver of any "on the record" designation.

16 Transcript pages containing Protected Material must be separately bound by the court
17 reporter, who must affix to each such page the legend "CONFIDENTIAL" or "HIGHLY
18 CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party
19 offering or sponsoring the witness or presenting the testimony.

20 (c) <u>for information produced in some form other than documentary, and for any other
21 tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the
22 container or containers in which the information or item is stored the legend "CONFIDENTIAL"
23 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

24 5.3 <u>Inadvertent Failures to Designate</u>.

25 An inadvertent failure to designate qualified information or items as "Confidential" or
26 "Highly Confidential – Attorneys' Eyes Only" does not waive the Designating Party's right to
27 secure protection under this Order for such material.  If material is appropriately designated as
28 "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially

1  produced, the Receiving Party must promptly make all reasonable efforts to assure that the

2  material is treated in accordance with the provisions of this Order, including retrieving any

3  copies that may have been distributed to unauthorized individuals.

4       6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

5       6.1     Timing of Challenges.

6  Following the production of material designated as "CONFIDENTIAL" or "HIGHLY

7  CONFIDENTIAL - ATTORNEYS' EYES ONLY," counsel for a Party may challenge such

8  designation by providing the Designating Party with written notice of such challenge and by

9  identifying the material as specifically as possible.  The challenge should be made as soon as is

10  practicable following production, and unreasonable delay may be considered a waiver of the

11  challenge if the circumstances so warrant.  The Designating Party shall have fifteen (15) days

12  from the receipt of such notice to withdraw its designation.  If the Designating Party does not

13  withdraw its designation, counsel for the challenging Party may file a motion with the Court

14  within 30 days of providing written notice challenging the objection that the designation is

15  invalid as set forth below.

16       6.2     Meet and Confer.

17  A Party that elects to initiate a challenge to a Designating Party's confidentiality

18  designation must do so in good faith and, in addition to the written notice, must confer directly

19  (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the

20  Designating Party.  In conferring, the challenging Party must explain the basis for its belief that

21  the confidentiality designation was not proper and must give the Designating Party an

22  opportunity to review the designated material, to reconsider the circumstances, and, if no change

23  in designation is offered, to explain the basis for the chosen designation.  A challenging Party

24  may file a motion challenging the designation only if it has engaged in this meet and confer

25  process first.

26       6.3     Judicial Intervention.

27  A Party that elects to file a motion after the meet and confer shall identify in the motion

28  challenged material and set forth in detail the basis for the challenge.  Each such motion must be

STIPULATED PROTECTIVE ORDER     -5-     PALIB1_3014399_1.DOC
CASE NO. CV 06-04646 PJH

1  accompanied by a competent declaration that affirms that the movant has complied with the meet
2  and confer requirements imposed in the preceding paragraph and that sets forth with specificity
3  the justification for the confidentiality designation that was given by the Designating Party in the
4  meet and confer dialogue.
5    The burden of persuasion in any such challenge proceeding shall be on the Designating
6  Party.  Until the court rules on the challenge, all parties shall continue to afford the material in
7  question the level of protection to which it is entitled under the Designating Party's designation.

8    7.  ACCESS TO AND USE OF PROTECTED MATERIAL
9    7.1  Basic Principles.
10   All documents produced by, or discovery responses of, any party in these proceedings, as
11  well as all deposition testimony in these proceedings, whether or not designated as
12  CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, shall be used
13  solely in connection with, and only as necessary to, this litigation and the preparation and trial in
14  this case, or any related appellate proceeding, and not for any other purpose, including without
15  limitation *any* other litigation or *any* business or competitive purpose or function.  To that end,
16  the parties and their counsel shall not distribute or disclose any documents or information
17  produced in this litigation to any third party or any of their agents, consultants, officers,
18  directors, employees or representatives except on a need to know basis and pursuant to such
19  agent, consultant, employee, officer, director or representative's obligation to maintain the
20  confidentiality of such document or information.
21   Protected Material must be stored and maintained by a Receiving Party at a location and
22  in a secure manner that ensures that access is limited to the persons authorized under this Order.
23    7.2  A Receiving Party may use material that is disclosed or produced by another
24  Party or by a non-party in connection with this case only for prosecuting, defending, or
25  attempting to settle this litigation.  Such material may be disclosed only to the categories of
26  persons and under the conditions described in this Order.  When the litigation has been
27  terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL
28  DISPOSITION).

1  7.3 Nothing in this Order shall restrict a Producing Party's use or disclosure of its

2 own Confidential or Highly Confidential Information, nor the use of information by a Receiving

3 Party that has become or does become publicly known through no fault of the Receiving Party.

4  7.4 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

5 Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

6 Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

7 (a) the Receiving Party's Outside Counsel of record in this action, including Outside

8 Counsel's support staff such as paralegals and secretaries;

9 (b) no more than two officers, directors, and employees (including In-House Counsel)

10 of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who

11 have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

12 (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is

13 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

14 Protective Order" (Exhibit A);

15 (d) the Court and its personnel;

16 (e) court reporters, their staffs, and professional vendors such as graphics services or

17 jury consultants to whom disclosure is reasonably necessary for this litigation and who have

18 signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

19 (f) the author of the document or the original source of the information.

20 7.5 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

21 <u>Information or Items</u>.

22 Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

23 Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL

24 – ATTORNEYS' EYES ONLY" only to:

25 (a) the Receiving Party's Outside Counsel of record in this action, including Outside

26 Counsel's support staff such as paralegals and secretaries;

27

28

     (b)     Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.6, have been followed;

     (c)     the Court and its personnel;

     (d)     court reporters, their staffs, and professional vendors such as graphics services and jury consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

     (e)     the author of the document or the original source of the information;

     (f)     Testifying and consulting experts who review "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items shall not be employed by a party to this Order and shall not concurrently consult for any party to this Order; and

7.6     <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.</u>

     (a)     Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must disclose to the Designating Party in a writing that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding ten years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

     (b)     A Party that discloses and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within ten court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.  The

1  objection must state the Designating Party's good faith belief, factual basis for and legal support
2  (if any) for believing that such expert may be commit inadvertent disclosure of the information
3  in spite of the expert's execution of Exhibit A, attached hereto.

4  (c)   A Party that receives a timely written objection must meet and confer with the
5  Designating Party (through direct voice to voice dialogue) to try to resolve the matter by
6  agreement.  If no agreement is reached, the Party seeking to prevent the disclosure to the Expert
7  may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule
8  79-5, if applicable) seeking to prevent such disclosure .  Any such motion must describe the
9  circumstances with specificity, set forth in detail the reasons for which the disclosure to the
10 Expert would harm the party seeking to prevent the disclosure and re-state that party's good faith
11 contentions as to the expert's potential inadvertent disclosure of the information in spite of the
12 expert's execution of Exhibit A, attached hereto. In addition, any such opposition must be
13 accompanied by a competent declaration in which the movant describes the parties' efforts to
14 resolve the matter by agreement (i.e., the extent and the content of the meet and confer
15 discussions) and sets forth the reasons advanced by the party seeking to disclose.

16 In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden
17 of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)
18 outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

19 7.7   Any person who is not otherwise qualified under Paragraphs 7.4 or 7.5 to view
20 information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes
21 Only," respectively, may be examined as a witness at trial (if that person submits an expert report
22 under Rule 26 or is otherwise a fact witness) or during a deposition concerning any information
23 or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" which
24 that person had lawfully received or authored prior to and apart from this action.  During
25 examination, any such witness may be shown information or material designated as
26 "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by a party which appears on its
27 face or from other documents or testimony to have been received or authored by that witness
28 from, or communicated to that witness by, that same party.

1        8.      PROVISIONS FOR HANDLING SOURCE CODE.

2        Any source code produced shall also be designated as "Highly Confidential – Attorneys'
3   Eyes Only" and shall be subject to the following procedures:

4        (a)     the producing party shall provide two (2) copies of source code in encrypted
5   format on optical disks;

6        (b)     such source code may be copied to storage media, including hard drives, flash
7   memory drives, and optical disks, so long as said storage media is not connected to or accessible
8   on any computer network or the internet, and so long as such storage media are kept in a secure
9   location when not in regular use;

10       (c)     said source code may only be viewed on a computer that is not connected to or
11  accessible on any computer network or the internet; and

12       (d)     said source code on said storage media shall be protected by password protection
13  and/or encryption at all times that it is not being viewed on said computer.  Aside from the
14  storage media referenced in paragraph 8(b), no source code should be stored anywhere
15  electronically in an unencrypted format.

16       (e)     Upon the conclusion of this action, the parties shall delete all source code from
17  the storage media referenced in paragraph 8(b) above and overwrite the bits for those files on
18  said computers' storage media using the Eraser program or comparable software.  Any storage
19  media not amenable to being overwritten (e.g. optical disks) shall be destroyed.

20       (f)     If the receiving party wishes to send storage media containing source code to
21  another approved party (e.g., an expert authorized to review confidential information under this
22  protective order), the password required to decrypt the storage media should not be transmitted
23  with the package or materials containing the storage media.

24       (g)     The parties may print out on paper portions of the source code to use as exhibits
25  in depositions, hearings, and pleadings provided that all paper copies are marked "Highly
26  Confidential – Attorneys' Eyes Only" on each page and protected according to the provisions of
27  this protective order.

28

STIPULATED PROTECTIVE ORDER                -10-                          PALIB1_3014399_1.DOC
CASE NO. CV 06-04646 PJH

1    9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
2    OTHER LITIGATION.

3    If a Receiving Party is served with a subpoena or an order issued in other litigation that
4    would compel disclosure of any information or items designated in this action as
5    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the
6    Receiving Party must so notify the Designating Party, in writing (by fax, if possible)
7    immediately and in no event more than five court days after receiving the subpoena or order.
8    Such notification must include a copy of the subpoena or court order.

9    The Receiving Party also must immediately inform in writing the Party who caused the
10   subpoena or order to issue in the other litigation that some or all the material covered by the
11   subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must
12   deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that
13   caused the subpoena or order to issue.

14   The purpose of imposing these duties is to alert the interested parties to the existence of
15   this Protective Order and to afford the Designating Party in this case an opportunity to try to
16   protect its confidentiality interests in the court from which the subpoena or order issued.
17   Nothing herein shall be construed as requiring the party or anyone else covered by this Protective
18   Order to challenge or appeal any order requiring production of information or material covered
19   by this Protective Order, or to subject itself to any penalties for noncompliance with any legal
20   process or order, or to seek any relief from this Court or any other court.  Once notification is
21   given pursuant to this provision, it shall be the obligation of the party or person that designated
22   the information or materials at issue to challenge such a subpoena, demand, or other legal
23   process, and not the obligation of the party or person that received the subpoena, demand, or
24   other legal process.

25   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

26   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
27   Material to any person or in any circumstance not authorized under this Stipulated Protective
28   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

1  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

2  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

3  this Order, and (d) request such person or persons to execute the "Acknowledgment and

4  Agreement to Be Bound" that is attached hereto as Exhibit A.

5       Unauthorized or inadvertent disclosure does not change the status of Protected Material

6  or waive the right to hold the disclosed document or information as Protected.

7       11.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL.

8       If a Responding Party inadvertently produces a document that it later discovers or in good

9  faith asserts to be a privileged document, the production of that document shall not be deemed to

10 constitute a waiver of any applicable privileges.  In such circumstances, the producing party shall

11 immediately notify the receiving party of the inadvertent production, and request the return or

12 confirmed destruction of the privileged materials.  Within five (5) business days of receiving

13 such notification, the receiving party shall return or confirm destruction of all such materials,

14 including any summaries thereof.  Such return or confirmation of destruction shall not preclude

15 the receiving party from seeking to compel production of the materials for the reasons other than

16 the inadvertent production and shall not constitute an admission by the receiving party that the

17 materials were, in fact, privileged in any way.

18      12.   FILING PROTECTED MATERIAL.

19      Without written permission from the Designating Party or a court order secured after

20 appropriate notice to all interested persons, a Party may not file in the public record in this action

21 any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

22 with Civil Local Rule 79-5.

23      13.   FINAL DISPOSITION.

24      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

25 after the final termination of this action, each Receiving Party must return or destroy all

26 Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material"

27 includes all copies, abstracts, compilations, summaries or any other form of reproducing or

28 capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed,

1   the Receiving Party must submit a written certification to the Producing Party (and, if not the
2   same person or entity, to the Designating Party) by the sixty day deadline that identifies (by
3   category, where appropriate) all the Protected Material that was returned or destroyed and that
4   affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries
5   or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this
6   provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers,
7   transcripts, legal memoranda, correspondence, and exhibits thereto, or attorney work product,
8   even if such materials contain Protected Material.  Any such archival copies that contain or
9   constitute Protected Material remain subject to this Protective Order as set forth in Section 4
10  (DURATION), above.

11        14.   PATENT PROSECUTION BAR.

12  Notwithstanding any provision of this Order, any attorney who receives information
13  designated under this Order by an opposing Party as "Highly Confidential – Attorneys' Eyes
14  Only" shall be precluded from being substantively involved in any way in preparing or
15  prosecuting for a client who is a party to this suit (including by way of drafting, editing, revising
16  and/or providing substantive input regarding the nature of the claims) any patent applications,
17  reissue proceedings, or reexamination proceedings with the United States Patent and Trademark
18  Office ("USPTO"), or any similar proceedings with any foreign counterpart to the USPTO.  This
19  bar shall expressly prohibit any Outside Counsel who has received "Highly Confidential –
20  Attorneys' Eyes Only" information from providing any information to the parties' patent
21  attorneys regarding market conditions. This preclusion is limited to patents and patent
22  applications having an effective filing date before this action, during this action, or within two
23  years after termination of this action.
24
25        15.   MISCELLANEOUS.
26        15.1  Right to Further Relief.
27  Nothing in this Order abridges the right of any person to seek its modification by the
28  Court in the future.  By stipulating to this Order, the parties do not waive the right to argue that

1  certain material may require additional or different confidentiality protections than those set forth
2  herein.
3      15.2    <u>Right to Assert Other Objections</u>.
4      By stipulating to the entry of this Protective Order no Party waives any right it otherwise
5  would have to object to disclosing or producing any information or item.  Similarly, no Party
6  waives any right to object on any ground to use in evidence of any of the material covered by
7  this Protective Order.

Dated: December 18, 2006    HILL, KERTSCHER & WHARTON

By:    /s/
      Douglas Richard Kertscher

Attorneys for Plaintiff and
Counterclaim-defendant
SERCONET, LTD.

Dated: December 18, 2006    WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:    /s/
      Christopher Parry

Attorneys for Defendant and Counterclaimant
NETGEAR, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: 12/21/06

HON. PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED — Judge Phyllis J. Hamilton — United States District Court, Northern District of California*

STIPULATED PROTECTIVE ORDER     -14-    PALIB1_3014399_1.DOC
CASE NO. CV 06-04646 PJH

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of SERCONET, LTD. v. NETGEAR, INC., Case No. CV 06-04646 PJH.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
CASE NO. CV 06-04646 PJH

PALIB1_3014399_1.DOC